# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| MARVIN FRANK HALL, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 5:15-CV-00157-RWS |
| | § | |
| v. | § | |
| | § | |
| DIR TDCJ, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## OF THE UNITED STATE MAGISTRATE JUDGE

Petitioner Marvin Frank Hall, an inmate confined at the Ferguson Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge has submitted a Report and Recommendation (Docket No. 34) recommending the petition be dismissed. Petitioner filed objections and amended objections. Docket Nos. 37 and 42.[1] This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). Having received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence, the Court concludes Petitioner's objections are without merit and adopts the findings of the Report and Recommendation.

Between his objections and amended objections, Petitioner raises four arguments: (1) that the blood test in this case was administered without a warrant and in violation of police policy; (2)

---

[1] Both sets of objections have been considered and are addressed together.

that the police report filed in this action was falsified and the officer did not follow policy regarding the administration of the breath test; (3) that the Magistrate Judge improperly relied on evidence not in the record (i.e. the two prior convictions abandoned by the State) in the recommendation to dismiss the case; and (4) that the copy of the DVD which Petitioner sent to the Court must be tested for its authenticity.

While asserting that his blood test was administered without warrant or probable cause and that the police report was falsified, Petitioner admits that he and the arresting officer knew each other prior to the arrest. *See* Docket No. 37 at 2. Therefore, as the Magistrate Judge determined, it was not unreasonable for the habeas court to find against Petitioner's claims that Officer Daily mistakenly administered the breath test to Christopher Bennett instead of Petitioner. Accordingly, Petitioner's objections regarding the administration of the blood test and the falsification of the police report are without merit and should be denied.

Next, Petitioner requests that the copy of the DVD which he sent to the Court be tested for its authenticity. As the Magistrate Judge found, Petitioner is attempting to relitigate the arguments presented in the state application for habeas corpus, as well as present information he could have possibly presented at trial. However, federal habeas review under 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Further, because Petitioner entered a plea of guilty in this case, he waived his right to trial and to have evidence presented and subjected to adversarial examination.

To the extent Petitioner may attempt to assert a *Brady* claim regarding the DVD, the evidence does not appear to have been withheld from counsel nor is it exculpatory. Accordingly, Petitioner has failed to demonstrate a violation of his constitutional rights. The State has a duty to

Page **2** of **5**

divulge exculpatory or impeachment evidence; failure violates a defendant's right to due process. *Brady v. Maryland*, 373 U.S. 83 (1963); *Hampton v.* State, 86 S.W.3d 603, 612 (Tex.Crim.App.2003). When challenging the State's failure to disclose exculpatory evidence on habeas, an applicant must show the following: (1) the state failed to disclose evidence, regardless of the prosecution's good or bad faith; (2) the withheld evidence is favorable to the applicant; and (3) the evidence is material, that is, there is a reasonable probability that had the evidence been disclosed, the outcome of the trial would have been different. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex.Crim.App.2002). An applicant cannot show constitutional "materiality" by simply alleging that a piece of undisclosed evidence "might have helped the defense[.]" *Hampton v. State*, 86 S.W.3d 603, 612 (Tex.Crim.App.2002) (quoting *United States v. Agurs,* 427 U.S. 97, 109-10 (1976)). Petitioner has failed to satisfy his burden. Moreover, Petitioner has failed to show the state habeas court's adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, Petitioner's objection is without merit and should be denied.

Petitioner also complains that the Magistrate Judge considered two prior convictions, which had been abandoned by the state. However, the prior convictions were used to illustrate part of the benefit Petitioner received by pleading guilty when the Magistrate Judge was reviewing the reasonableness of the state court's finding that Petitioner's plea of guilty was knowingly and voluntarily entered. Accordingly, Petitioner's objection is without merit and should be denied.

As the Magistrate Judge found, Petitioner has failed to satisfy his burden of proof concerning the habeas court's findings that his plea of guilty was knowingly and voluntarily

entered and counsel's performance was constitutional. Petitioner has failed to show either the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Therefore, Petitioner's objections should be overruled.

Finally, Petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions

presented are not worthy of encouragement to proceed further.  Therefore, Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.  Accordingly, a certificate of appealability shall not be issued.

The Court, having conducted a *de novo* review of the objection, record evidence and pleadings, concludes the objections are without merit.  *See* FED. R. CIV. P. 72(b).  Accordingly, Petitioner's objections are **OVERRULED**.  The Report of the Magistrate Judge is **ADOPTED**.  A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**So ORDERED and SIGNED this 25th day of September, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE